IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **CUBA ALASKA MARTIN, III,** | : | |
| **Plaintiff,** | : : : | |
| V. | : : | NO. 4:23-cv-00042-CDL-MSH |
| **COI CODY MCCLESTER,** *et al.*, | : : | |
| **Defendants.** | : : | |

## ORDER

Plaintiff Cuba Alaska Martin, III, a prisoner in the Wheeler Correctional Facility in Alamo, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Thereafter, the United States Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $46.83. Order, ECF No. 4.

Rather than pay the fee, Plaintiff initially filed a response, which was in the nature of a motion for reconsideration of the order for Plaintiff to pay the initial partial filing fee. Response, ECF No. 5. Thereafter, the initial partial filing fee was paid, but Plaintiff also filed a document, which he titled as a notice of appeal. Appeal of Magistrate Judge Decision, ECF No. 6. This document appears to be an objection to the Magistrate Judge's order.[1]

---

[1] It is not entirely clear whether Plaintiff may have intended to appeal to the Eleventh

Under 28 U.S.C. § 636(b)(1)(A), non-dispositive pretrial matters may be referred to the magistrate judge. If a party disagrees with any such order, "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge may also make findings of fact and recommendations for disposition of dispositive orders. 28 U.S.C. § 636(b)(1)(B). A party seeking review of these findings and recommendations may file objections, and the district judge will review those objections de novo. 28 U.S.C. § 636(b)(1). As this is a challenge to a non-dispositive pretrial matter, the "clearly erroneous or contrary to law" standard is applicable, but under either standard, Plaintiff's motion/objection fails for the reasons set forth below.

As an initial matter, to the extent that Plaintiff objects to being required to pay an initial partial filing fee, his motion is arguably moot because the initial partial filing fee has already been paid. Nevertheless, because Plaintiff also objects to the payment of the remainder of the fee, the Court will address his objection.

In both the initial response and the "notice of appeal," Plaintiff argues that the Magistrate Judge violated Plaintiff's constitutional rights by ordering him to pay the initial partial filing fee. Response, ECF No. 5; Attach. To Appeal, ECF No. 6-1. In particular,

---

Circuit, rather than to the district judge. An appeal to the Eleventh Circuit, however, is not proper at this time as that Court is generally "barred from entertaining appeals of non-final orders." *Hall v. Flournoy*, 975 F.3d 1269, 1274 (11th Cir. 2020). Plaintiff may raise this issue to the Eleventh Circuit if he ultimately appeals from the final judgment in this case.

Plaintiff cites Article 1, Section 10 of the United States Constitution, and he asserts that he has no gold or silver with which to pay the initial partial filing fee. *Id.* Thus, he contends that making him pay the filing fee deprives him of due process and access to the courts. *Id.*

Article 1, Second 10 of the Constitution says, "No State shall . . . make any Thing but gold and silver Coin a Tender in Payment of Debt." This clause prohibits the states from coining money and making things other than gold and silver coin legal tender for the payment of debts. *The Legal Tender Cases*, 110 U.S. 421, 446 (1884). It does not deny Congress the power to do these things, and indeed, Congress "is authorized to establish a national currency," *Id.* at 446, 448, which it has done. Nothing in this clause requires that debts be paid in gold and silver, and thus, Plaintiff's assertion that he has been denied due process because he has no gold or silver to pay the filing fee is frivolous. Indeed, as noted above, the initial partial filing fee has properly been paid in United States currency. Accordingly, Plaintiff's "notice of appeal," whether construed as an objection or motion for reconsideration, is **DENIED**.

**SO ORDERED**, this **15th** day of **May, 2023**.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA